UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CATTRELL F.,[1]

                                  Plaintiff,         Case # 23-CV-984-FPG

v.                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                  Defendant.
_____

## INTRODUCTION

Plaintiff Cattrell F. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 15. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In February 2020, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 82. She alleged disability since February 2019 due to several physical and mental impairments. *Id.* In November 2022, Administrative Law Judge Paul Georger ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 21-39. The Appeals Council granted Plaintiff's

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

1

request for review, and in July 2023, it found Plaintiff ineligible for benefits. Tr. 4-8. This action seeks review of the Commissioner's final decision—that is, the Appeals Council's decision. ECF No. 1; *see also Sims v. Apfel*, 530 U.S. 103, 106 (2000).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination

of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

**DISCUSSION**

I. **The Appeals Council's Decision**

The Appeals Council analyzed Plaintiff's claim for benefits under the process described above. At Step One, it found that Plaintiff had not engaged in substantial gainful activity since February 2020, her application date. Tr. 4. At Step Two, the Appeals Council found that Plaintiff suffered from severe impairments of degenerative disc disease of the cervical spine, mild scoliosis of the thoracic spine, mild dextroscoliosis of the lumbar spine, bipolar disorder, schizophrenia, an unspecified anxiety disorder, and an adjustment disorder with mixed emotional features. *Id.* At Step Three, the Appeals Council found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 5.

Next, the Appeals Council determined that Plaintiff had the RFC to perform a reduced range of light work. *Id.* At Step Four, the Appeals Council found that Plaintiff has no past relevant work. *Id.* At Step Five, the Appeals Council found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 5-6. It therefore found that Plaintiff is not disabled. Tr. 6.

II. **Analysis**

Plaintiff argues that remand is warranted because the Appeals Council found the opinion of state agency consultant S. Bhutwala, Ph.D., persuasive, yet failed to adopt all of the functional restrictions that he identified. *See* ECF No. 14-1 at 6-10. The Court is not convinced.

In general, an ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions," *Younes v. Colvin*, No. 14-CV-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015). However,

4

where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). Accordingly, when an ALJ adopts only portions of a medical opinion, he or she must explain why the remaining portions were rejected. *Raymer v. Colvin*, No. 14-CV-6009, 2015 WL 5032669, at *5 (W.D.N.Y. Aug. 25, 2015); *see also Younes*, 2015 WL 1524417, at *8 (stating that, although an ALJ is free to credit only a portion of a medical opinion, "when doing so smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary evidence from the same source, an [ALJ] must have a sound reason for weighting portions of the same-source opinions differently").

Dr. Bhutwala opined that Plaintiff was moderately limited in the following respects: (a) understanding and remembering detailed instructions; (b) carrying out detailed instructions; (c) maintaining attention and concentration for extended periods; (d) working in coordination with or in proximity to others without being distracted by them; (e) completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; (f) interacting appropriately with the general public; (g) accepting instructions and responding appropriately to criticism from supervisors; (h) getting along with coworkers or peers without distracting them or exhibiting behavioral extremes; (i) maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness; (j) responding appropriately to changes in work setting; (k) being aware of normal hazards and taking appropriate precautions; and (l) setting realistic goals or making plans independently of others.  Tr. 105-08.

As is relevant here, the RFC limited Plaintiff to "simple, routine, repetitive tasks; simple work-related decisions; occasional interactions with supervisors, coworkers, and the general

5

public; and occasional changes to the worksite and routine." Tr. 5; *see also* Tr. 77. On its face, the RFC would appear to sufficiently encompass Dr. Bhutwala's restrictions, insofar as moderate limitations in mental functioning are consistent with "simple, routine, repetitive work," *Griffith v. Comm'r of Soc. Sec.*, No. 18-CV-6862, 2019 WL 13219284, at *5 (W.D.N.Y. Nov. 4, 2019) (collecting cases), and moderate social limitations "can be accommodated by a restriction of no more than occasional interaction" with others, *Alicia T. v. Comm'r of Soc. Sec.*, No. 21-CV-6529, 2023 WL 4999844, at *5 (W.D.N.Y. Aug. 4, 2023) (collecting cases).

Plaintiff largely fails to identify any specific way in which the Appeals Council's RFC diverges from Dr. Bhutwala's opinion. *See* ECF No. 14-1 at 7-8. The only specific omission that Plaintiff identifies is the absence of an "off-task limitation." ECF No. 14-1 at 8. But Dr. Bhutwala did not explicitly identify any off-task limitation in his opinion. *See* Tr. 105-09. To the contrary, he opined that Plaintiff "retain[ed] the ability to perform work in a limited contact w/ public and co-worker environement [sic]." *Id.* at 109. Plaintiff marshals no legal authority to support her claim that the "constellation of limitations [that Dr. Bhutwala found] would naturally lead to an off-task limitation." ECF No. 14-1 at 8.

For these reasons, the Court is not persuaded by Plaintiff's argument that the Appeals Council erroneously failed to incorporate one or more of the limitations identified by Dr. Bhutwala. Remand is not warranted.

**CONCLUSION**

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 11, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York